### In re BLUE RIDGE KNITTING CO. OF WASHINGTON COUNTY.

(District Court, D. Maryland. December 30, 1922.)

Bankruptcy ⚷19, 195—First of two petitions filed in different districts fixes status of property.

Where proceedings are instituted against a bankrupt in different districts in different states, and later consolidated, the first petition filed fixes the status of his property, and a subsequent levy of execution from a state court is ineffective to create a lien thereon.

In Bankruptcy. In the matter of the Blue Ridge Knitting Company of Washington County, bankrupt. Order giving trustee proceeds of property sold on execution.

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Purdon Wright, of Baltimore, Md., and Robert H. McCawley, of Hagerstown, Md., for trustee.

ROSE, District Judge. On the 6th and 8th of June, 1921, judgments were obtained against the bankrupt corporation in the circuit court for Washington county, upon which on the 21st and 24th of September, respectively, execution was issued and levied upon certain personal property of the bankrupt. In the meanwhile, on the 16th of September, and before any lien of any kind had been obtained upon said property, an involuntary petition in bankruptcy was filed against the bankrupt in the Middle district of Pennsylvania, and on the 19th of November, 1921, a like petition was filed in this court, which resulted on February 10, 1922, in an adjudication in this court. The jurisdiction over the Pennsylvania case was, on the 25th of April, 1922, relinquished by the District Court for the Middle District of Pennsylvania, in order that the two cases might be consolidated in this district, which consolidation was made on the 2d of May, 1922.

The sheriff sold the property upon which he levied, and the proceeds of $800 are now in his hands. It is claimed by the trustee in bankruptcy and the judgment creditors. The former is clearly entitled to it. The petition for adjudication in the Middle district of Pennsylvania was never dismissed. The cases were consolidated, and the rights of the parties are determined by the date of the filing of the petition in Pennsylvania. But even if this were not so, in Maryland, no lien is obtained upon personal property by the mere rendition of a judgment. Execution must be ordered upon the judgment, and such order was not given until less than two months before the petition in bankruptcy was filed in this district.